IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MANUEL C. SEDILLOS

        Plaintiff,

v.

CLIENT SERVICES, INC.,

        Defendant.

## COMPLAINT

1. Defendant Client Services, Inc. wrongfully contacted third parties, in connection with its attempts to collect a debt, in violation of Plaintiff Manuel C. Sedillos' rights.

2. Mr. Sedillos seeks damages under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA"), and injunctive relief under the under the New Mexico Unfair Practices Act, NMSA 1978 §§ 57-12-1 *et seq.* ("UPA").

## Jurisdiction

3. This Court has jurisdiction under the FDCPA, 15 U.S.C. § 1692k(d), and under 28 U.S.C. §§ 1331 & 1337.  This Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367.

## Parties

4. Plaintiff Manuel Sedillos resides in Albuquerque, New Mexico.  He is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3).

5. Defendant Client Services, Inc. ("Client Services") is a foreign corporation whose principal business is the collection of consumer debts.  It regularly collects or attempts to collect debts owed or due or asserted to be owed or due another.  Client Services is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## Facts

6. Manuel Sedillos obtained a credit card account with Chase Bank ("Account").

7. Mr. Sedillos was enlisted in the United States National Guard.

8. Mr. Sedillos also was employed by the National Guard as a civil service technician.

9. When Mr. Sedillos retired from his employment and military service with the National Guard, he obtained private sector employment as a contractor for the U.S. Department of energy. However, his income dropped as a result.

10. Mr. Sedillos' creditors increased his minimum monthly payments, and he fell behind in his payments on the Chase Bank Account.

11. After the Account was in default, Chase Bank sold the Account, or assigned the right to collect the Account, to Client Services.

12. In an effort to collect on the Account, Client Services began making telephone calls, and leaving voicemail messages for Mr. Sedillos.

13. Client Services sent Mr. Sedillos a collection letter, dated July 7, 2010.

14. The July 7 letter was mailed to Mr. Sedillos' home address.

15. On or about July 23, 2010, Client Services telephoned Mr. Sedillos' neighbor, Gerta Estridge.

16. Ms. Estridge answered the telephone call and spoke with a Client Services representative who identified herself as Sally Norman.

17. Ms. Norman asked Ms. Estridge post a note on Mr. Sedillos' door requesting that he contact Client Services.

18. Ms. Norman stated to Ms. Estridge that Mr. Sedillos must have thought that Client Services forgot about him.

19. Ms. Estridge felt uncomfortable leaving a note posted on Mr. Sedillos' door.

20. Instead, On July 23, 2010, Ms. Estridge mailed a letter to Mr. Sedillos.

21. In the July 23, 2010 letter, Ms. Estridge stated "Please call Sally Norman" and provided Client Services' telephone number, 636-947-2321 extension 54618.

22. Client Services continued to leave numerous voicemail messages for Mr. Sedillos.

23. Upon information and belief, Client Services engages in a pattern and practice of wrongfully contacting third parties in connection with its efforts to collect debts.

24. As a result of Defendant Client Services's actions, Mr. Sedillos suffered actual damages, including, but not limited to:

    a. aggravation and frustration;

    b. humiliation;

    c. inconvenience;

    d. lost time; and

    e. lost privacy.

## First Claim for Relief: Violations of the FDCPA

25. Client Services' actions violate the FDCPA, including 15 U.S.C. § 1692c, generally, and specifically 15 U.S.C. §§ 1692c(b)

26. Mr. Sedillos is entitled to recover statutory damages, actual damages and reasonable attorney fees and costs.

## Second Claim for Relief: Tortious Debt Collection

27. Client Services' actions and omissions constitute unreasonable and tortious debt collection practices in violation of the doctrine enunciated by the New Mexico Supreme Court in *Montgomery Ward v. Larragoite*, 81 N.M. 383, 467 P.2d 399 (1970).

28. Mr. Sedillos is entitled to recover actual and punitive damages in an amount to be determined at trial.

### Third Claim for Relief: Unfair Trade Practices

29. Defendant Client Services is subject to the Unfair Practices Act for its conduct in New Mexico.

30. The foregoing actions of Client Services constitute unfair or deceptive trade practices, and unconscionable trade practices, within the meaning of the New Mexico Unfair Practices Act, NMSA 1978 §57-12-2(D) and (E).

31. Client Services willfully engaged in these unlawful trade practices.

32. Mr. Sedillos is entitled to recover actual or statutory damages, actual or statutory damages trebled, plus costs and reasonable attorney's fees.

33. Mr. Sedillos is entitled to injunctive relief to prevent irreparable injury that will result from continuing illegal collection activities by Client Services, namely the placing of telephone calls to third parties asking those third parties to call the debtor and ask the debtor to call Client Services.

### Request for Relief

Mr. Sedillos requests that this Court award:

A. Statutory and actual damages, for violations of the FDCPA;

B. Actual and punitive damages, in an amount to be determined at trial, for tortious debt collection.

C. Reasonable attorney fees and costs;

D. Injunctive relief, enjoining Client Services from calling third parties for any purpose except to confirm location information, including (1) enjoining Client Services from

      calling a third party when it already has the address and phone number for the consumer; and (2) enjoining Client Services from asking a third party to deliver a message to the consumer; and

E.     Such other relief as the Court deems just and proper.

Respectfully submitted,

*/s/ Charles Parnall*
_____
Feferman & Warren, Attorneys for Plaintiff
CHARLES PARNALL
300 Central Ave., SW, Suite 2000 West
Albuquerque, New Mexico 87102
(505) 243-7773
(505) 243-6663